UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYKE EDWARD NELSON,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT FOX, et al.,<br><br>Defendants. | No. 2:17-cv-2117-TLN-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed several requests, including an application to proceed in forma pauperis (ECF No. 8), an "ex parte motion request for subpoena duces tecum, and a request for a temporary restraining order to cease and desist in the department[']s practice of intercepting, censoring and withhold[ing] legal mail" (ECF No. 9), and a motion to amend the complaint to add defendants (ECF No. 11).

## Application to Proceed In Forma Pauperis

Plaintiff's application to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2). However, as discussed below, plaintiff's complaint must be dismissed with leave to amend.

1

<u>Screening</u>

I. <u>Legal Standards</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The screening obligation applies where a complaint is removed from state court. *See, e.g.*, *Morris v. Horel*, 2008 U.S. Dist. LEXIS 56938, 2008 WL 686874, *1 (N.D. Cal., March 12, 2008) (screening civil rights action removed from state court pursuant to Section 1915A). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original)
/////

2

1 (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

II. Analysis

Plaintiff raises two separate categories of allegations in his complaint. First, he alleges that the prison law library at the California Medical Facility ("CMF") is inadequate. Specifically, he states that the law library has replaced all legal books with computer research systems. ECF No. 1 at 3. Plaintiff claims that he is computer illiterate and, thus, incapable of using these systems to conduct the research necessary to successfully prosecute his court actions. *Id.* at 3-4. The Supreme Court has held, however, that "[t]he Constitution does not require that prisoners (literate or illiterate) be able to conduct generalized research, but only that they be able to present their grievances to the courts . . . ." *Lewis v. Casey*, 518 U.S. 343, 360 (1996). Although plaintiff alleges that the computerized research system frustrated his attempts at legal research, he does not allege that it actually inhibited his ability to bring grievances to the courts. And it is well settled that an access-to-courts claim must raise some specific injury. *Id.* at 354. Consequently, this claim will be dismissed with leave to amend.

Next, plaintiff raises two claims related to the prison mail system at CMF. First, he alleges that the mailroom has continually failed to deliver his mail in a timely way. ECF No. 1 at 5. He states that the mailroom's inadequacies resulted in a failure to receive unspecified court papers in a state civil action he is pursuing. *Id.* at 6. This allegedly resulted in an adverse ruling

against him. *Id.* Second, he claims that the foregoing problems with his prison mail have frustrated his ability to lodge prison administrative appeals. *Id.* at 9-10.

As a general matter, allegations that mail delivery was delayed for an inordinate amount of time may give rise to a First Amendment claim. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996). It is unclear, however, which defendants are directly responsible for these shortcomings. Plaintiff lists several defendants, including two "Does" in the caption of his complaint, but does not allege their wrongdoing with sufficient particularity. The court also notes, with respect to plaintiff's second mail claim, that he has no entitlement to a grievance procedure. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Thus, these claims are also dismissed with leave to amend.

**If plaintiff elects to file an amended complaint, he must choose between his law library and prison mail claims.** These claims implicate multiple defendants and do not appear sufficiently related to proceed in the same action. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding that "[u]nrelated claims against different defendants belong in different suits . . . ."). The claim he does not elect to pursue in this case may be brought, if plaintiff desires, in a separate suit.

Leave to Amend

As noted above, plaintiff may choose to amend his complaint.[1] He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

/////

---

[1] Plaintiff's motion to amend (ECF No. 11) is therefore denied as moot.

4

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George*, 507 F.3d at 607. Nor may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

### Ex Parte Motion

Plaintiff has also filed an "ex parte motion" in order to subpoena a copy of his mail log from the mailroom supervisor of the California Medical Facility and to secure a temporary restraining order prohibiting interference with his legal mail. ECF No. 9.

Plaintiff's request for a subpoena is denied without prejudice to renewal during the discovery period in this case, if any. *See Medimmune, LLC v. PDL Biopharma, Inc.*, No. C08-05590 JF (HRL), 2010 U.S. Dist. LEXIS 39410, at *5 (N.D. Cal. Apr. 1, 2010) ("Fed. R. Civ. P. 45 subpoenas constitute pretrial discovery that must be served within the specified discovery period.").

/////
/////
/////

Plaintiff also seeks injunctive relief. However, he fails to meet the minimum threshold for merit to satisfy the standard for a preliminary injunction.[2] At an irreducible minimum, he must demonstrate that there is at least a fair chance of success on the merits. *Johnson v. California State Board of Accountancy*, 72 F.3d 1427, 1430, 1433 (9th Cir. 1995); *Sports Form, Inc. v. United Press International*, 686 F.2d 750, 753 (9th Cir. 1982). As discussed above, his complaint must be dismissed for failure to state a claim and at present he has shown no likelihood of success on the merits of any claim. Accordingly, plaintiff's motion for injunctive relief must be denied.

## Conclusion

Based on the foregoing, IT IS ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 8) is GRANTED;

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order;

4. Plaintiff's motion to amend (ECF No. 11) is denied as moot.

5. Plaintiff's request for a subpoena, contained within his "ex parte motion" (ECF No. 9) is denied without prejudice to renewal during the discovery period in this case, if any; and

6. Failure to comply with this order may result in dismissal of this action.

Further, IT IS RECOMMENDED that plaintiff's request for injunctive relief, contained within his "ex parte motion" (ECF No. 9) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

---

[2] A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir.1964). The moving party must prove that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir.2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, ––– U.S. –––, 129 S.Ct. 365, 375–76, 172 L.Ed.2d 249 (2008)).

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 17, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE